UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

JAMES GIESLER

    Plaintiff,

vs.                                Case No.

CITY OF HERRIN, a municipal
corporation, OFFICER DYLAN
SOLLARS in his individual capacity.

    Defendants.

## COMPLAINT

NOW COMES the Plaintiff, JAMES GIESLER, by and through his attorneys, WILLIAM W.P. ATKINS and JOHNSON, BUNCE & NOBLE, P.C., complaining of Defendants, CITY OF HERRIN a municipal corporation and OFFICER DYLAN SOLLARS in his individual capacity and alleges as follows:

## JURISDICTION

1. Jurisdiction in this case is based upon the existence of a federal question.

2. This action arises under the Constitution and laws of the United States; specifically, the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C §§ 1983 and 1988.

3. Jurisdiction is based upon 28 U.S.C § 1343(a)(3), as it seeks to redress the deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of a right secured by the Constitution of the United States; and upon 42 U.S.C § 1983, as it seeks to hold liable persons who, under color of State statute, ordinance, regulation, custom, or usage, subjected or caused to be subjected a United States citizen to the deprivation of rights secured by the Constitution.

4. The Plaintiff seeks recovery of his costs in bringing this action, including his attorney's fees, pursuant to 42 U.S.C § 1988.

## VENUE

5. Venue is appropriate in the Southern District of Illinois pursuant to 28 U.S.C § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within the City of Herrin, County of Williamson, State of Illinois. Further, all Defendants are believed to reside within the district. *See* 28 U.S.C § 1391(b)(1)

6. As a substantial part of the events or omissions giving rise to the claim occurred within the City of Herrin, County of Williamson, State of Illinois, this action is filed in the Benton Division of the Southern District of Illinois.

## PARTIES

7. Plaintiff James Giesler is a natural person and law-abiding citizen domiciled in, and a citizen of, the State of Illinois. He resides in Williamson County, Illinois.

8. Defendant Officer Dylan Sollars is a patrolman for the police department of the City of Herrin, Illinois. In the course of his conduct as set forth below, Defendant Sollars acted under color of law.

9. The city of Herrin is a municipality of the State of Illinois and is located in Williamson County in the Southern District of Illinois.

10. Each and all of the acts of the Defendants alleged herein were committed by Defendants while acting within the scope of their employment by the Herrin Police Department.

11. Each and all of the acts of the Defendants alleged herein were done recklessly, intentionally, maliciously, gross negligently, wantonly, knowingly, and with deliberate indifference, and in a manner that socks the conscience.

## FACTUAL AND GENERAL ALLEGATIONS

12. On the evening of May 6, 2018, Plaintiff James Giesler was driving in the city of Herrin, obeying all traffic laws.

13. Mr. Giesler's daughter was in the hospital delivering his grandchild and Mr. Giesler had left to run a few errands, intending to return to the hospital shortly.

14. Officer Sollars observed Mr. Giesler driving and despite his knowledge that Plaintiff had not violated any traffic laws, proceeded to stop Mr. Giesler's vehicle.

15. Despite breath tests that failed to detect any alcohol and having no other evidence of Mr. Giesler being under the influence of alcohol, Defendant Sollars arrested Mr. Giesler and transported him to the Herrin Police Department arriving there approximately 12:00 A.M.

16. In the course of the arrest, Defendant Officer Sollars handcuffed Mr. Giesler too tightly causing substantial pain lasting well beyond the time the cuffs were removed.

17. Mr. Giesler's vehicle was impounded and when he was released from custody about 3:30 A.M. the next morning his vehicle and keys, including the key to his home were retained by the city.

18. Mr. Giesler had to pay to have his vehicle returned to him and had to retain an attorney to fight the criminal charge of Driving Under the Influence of Alcohol and related traffic offenses. These offenses were all charged by Defendant Officer Sollars through Uniform Traffic Citation.

19. Due to the arrest and being charged with a DUI, Mr. Giesler was unable to travel for work and lost substantial revenues as a result.

20. Upon information and belief, the City of Herrin has an informal policy and/or custom encouraging its police officers to make as many DUI arrests as they can manage without

regard to the existence of probable cause.

21. The DUI and all related traffic offenses were tried in a stipulated bench trial resulting in Not Guilty verdicts on all charges on June 4, 2019.

## COUNT 1
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Fourth Amendment-Unlawful Detention)
(Against Officer Dylan Sollars in his Individual Capacity)

22. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-21 of this Complaint as Paragraph 22 of Count I as if it is fully set forth herein.

23. The Fourth Amendment to the U.S. Constitution guarantees citizens to be secure in their persons from unreasonable search and seizures.

24. A law enforcement officer may conduct an investigative stop if he has a reasonable suspicion, based upon specific and articulable facts, that the stopped citizen has committed or is about to commit a crime.

25. Plaintiff is a law-abiding citizen.

26. While claiming to investigate traffic offenses, Defendant would not permit Plaintiff to leave, and Defendant continued to question Plaintiff.

27. At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from interrogations and unlawful stops pursuant to the Fourth Amendment to the U.S. Constitution.

28. At all times relevant, as police officers acting under the color of law, Defendant was required to obey the laws of the United States.

29. Defendant had no reasonable suspicion nor probable cause to detain Plaintiff.

30. Defendant did not have any lawful basis whatsoever to detain Plaintiff.

31. Defendants' actions constituted unlawful detention.

32. The aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. As a proximate result of the illegal and unconstitutional acts of Defendant, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
(Fourth Amendment-Unlawful Search)
(Against Officer Dylan Sollars in his Individual Capacity)

34. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-21 of this Complaint as Paragraph 34 of Count II as if it is fully set forth herein.

35. The Fourth Amendment to the U.S. Constitution requires Defendant to possess sufficient probable cause to search the Plaintiff and/or Plaintiff's personal property.

36. At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful searches pursuant to the Fourth Amendment to the United States Constitution.

37. At all times relevant, as police officers acting under color of law, Defendant was required to obey the laws of the United States.

38. Defendant body-searched Plaintiff during the unlawful detention. There was no reason whatsoever to search Plaintiff, for no crime was committed nor about to be committed.

39. Nothing unlawful was found.

40. Defendant did not have any lawful basis whatsoever to search Plaintiff.

41. Defendants' actions constituted unlawful search.

42. The aforementioned acts deprived Plaintiff of the rights, privileges, and immunities

guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

43. As a proximate result of the illegal and unconstitutional acts of Defendant, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment.

## COUNT III
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Fourth Amendment-Unlawful Arrest)
(Against Officer Dylan Sollars in his Individual Capacity)

44. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-21 of this Complaint as Paragraph 44 of Count III as if it is fully set forth herein.

45. The Fourth Amendment to the U.S. Constitution requires Defendant to possess sufficient probable cause to arrest the Plaintiff.

46. At all times relevant, Plaintiff had a clearly established right to liberty, including his right to personal safety and bodily integrity, as well as protection from unlawful arrests pursuant to the Fourth Amendment to the United States Constitution.

47. At all times relevant, as police officers acting under color of law, Defendant was required to obey the laws of the United States.

48. Plaintiff is a law-abiding citizen that was cooperating with the Defendant, but they decided to arrest Plaintiff without any lawful reason.

49. Defendant did not have probable cause to arrest Plaintiff.

50. Defendants' actions constituted unlawful arrest.

51. The aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

52. As a proximate result of the illegal and unconstitutional acts of Defendants, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment.

## COUNT 1V
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Fourth Amendment-Unlawful Confiscation of Property)
(Against Officer Dylan Sollars in his Individual Capacity)

53. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-21 of this Complaint as Paragraph 53 of Count IV as if it is fully set forth herein.

54. The Fourth Amendment to the U.S. Constitution guarantees citizens the right to be secure in their property from unreasonable search and seizures.

55. At all times relevant, Plaintiff had a clearly established right to liberty, including his right to property, as well as protection from unlawful confiscation pursuant to the Fourth Amendment to the United States Constitution.

56. At all times relevant, as a police officer acting under color of law, Defendant was required to obey the laws of the United States.

57. After Plaintiff was arrested by Defendant, Defendant searched and inventoried the contents of Plaintiff's vehicle.

58. Plaintiff's vehicle was confiscated as consequence of an unlawful arrest.

59. Defendant had no probable cause to search and confiscate Plaintiff's vehicle.

60. Defendants' actions constituted unlawful confiscation of property.

61. The aforementioned acts deprived Plaintiff of his rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C § 1983.

62. As a proximate result of the illegal and unconstitutional acts of Defendants, Plaintiff

was harmed and suffered damages for his physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment.

## COUNT V
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Fourth Amendment-Malicious Prosecution)
(Against Officer Dylan Sollars in his Individual Capacity)

63. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-21 of this Complaint as Paragraph 63 of Count V as if it is fully set forth herein.

64. The Fourth Amendment to the U.S. Constitution guarantees citizens the right to be secure in their property from unreasonable search and seizures.

65. At all times relevant, as a police officer acting under color of law, Defendant was required to obey the laws of the United States.

66. After Plaintiff was arrested, Defendant, Officer Sollars submitted Uniform Traffic Citations for Driving Under the Influence of Alcohol and other offenses to the court and prosecutor leading to the prosecution of Mr. Giesler without probable cause to support such charges.

67. In the course of the prosecution, Mr. Giesler was required to appear in the county courthouse at various dates for varying periods of time, thus restricting his freedom of movement and subjecting him to the possibility of further loss of freedom.

68. The aforementioned acts deprived Plaintiff of his rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C § 1983.

69. As a proximate result of the illegal and unconstitutional acts of Defendants, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment.

## COUNT VI
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Fourth Amendment-Unlawful Detention)
(Against the City of Herrin)

70. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-21 of this Complaint as Paragraph 70 of Count VI as if it is fully set forth herein.

71. Defendant, City of Herrin, at all times material, established and/or followed policies, practices and customs that were a direct and proximate cause of James Giesler's physical injury and mental anguish, and that violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 as set forth herein.

72. Defendant City of Herrin intentionally, maliciously, and/or with deliberate and/or reckless indifference and/or callous disregard for Plaintiff's safety and wellbeing, and in a manner that constituted a substantially gross departure from accepted professional judgment, practice and standards effected and/or acquiesced in the effecting of policy, custom or practice among the City's Police Officers of detaining citizens without probable cause in an attempt to gather information leading to other possible charges and/or manufacture such "information" and/or failed to adequately train, supervise and/or discipline officers with regard to these matters.

73. Defendant, City of Herrin's policies, customs and/or practices, customs, and/or practices as described above, were not objectively reasonable and deprived James Giesler of his clearly established federal constitutional rights.

## COUNT VII
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Fourth Amendment-Unlawful Search)
(Against the City of Herrin)

74. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-21 of this Complaint as Paragraph 74 of Count VII as if it is fully set forth herein.

75. Defendant, City of Herrin, at all times material, established and/or followed policies, practices and customs that were a direct and proximate cause of James Giesler's physical injury and mental anguish, and that violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 as set forth herein.

76. Defendant City of Herrin intentionally, maliciously, and/or with deliberate and/or reckless indifference and/or callous disregard for Plaintiff's safety and wellbeing, and in a manner that constituted a substantially gross departure from accepted professional judgment, practice and standards effected and/or acquiesced in the effecting of policy, custom or practice among the City's Police Officers of searching illegally stopped citizens without probable cause to do so in hopes of obtaining, or manufacturing, evidence of possible criminal traffic offenses and/or failed to adequately train, supervise and/or discipline officers with regard to these matters.

77. Defendant, City of Herrin's policies, customs and/or practices, customs, and/or practices as described above, were not objectively reasonable and deprived James Giesler of his clearly established federal constitutional rights.

## COUNT VIII
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Fourth Amendment-Unlawful Arrest)
(Against the City of Herrin)

78. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-21 of this Complaint as Paragraph 78 of Count VIII as if it is fully set forth herein.

79. Defendant, City of Herrin, at all times material, established and/or followed policies, practices and customs that were a direct and proximate cause of James Giesler's physical injury and mental anguish, and that violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 as set forth herein.

80. Defendant City of Herrin intentionally, maliciously, and/or with deliberate and/or reckless indifference and/or callous disregard for Plaintiff's safety and wellbeing, and in a manner that constituted a substantially gross departure from accepted professional judgment, practice and standards effected and/or acquiesced in the effecting of policy, custom or practice among the City's Police Officers of arresting citizens without probable cause or manufactured claims as to probable cause and/or failed to adequately train, supervise and/or discipline officers with regard to these matters.

81. Defendant, City of Herrin's policies, customs and/or practices, customs, and/or practices as described above, were not objectively reasonable and deprived James Giesler of his clearly established federal constitutional rights.

## COUNT IX
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
(Fourth Amendment-Unlawful Confiscation of Property)
(Against the City of Herrin)

82. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-21 of this Complaint as Paragraph 82 of Count IX as if it is fully set forth herein.

83. Defendant, City of Herrin, at all times material, established and/or followed policies, practices and customs that were a direct and proximate cause of James Giesler's physical injury and mental anguish, and that violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 as set forth herein.

84. Defendant City of Herrin intentionally, maliciously, and/or with deliberate and/or

reckless indifference and/or callous disregard for Plaintiff's safety and wellbeing, and in a manner that constituted a substantially gross departure from accepted professional judgment, practice and standards effected and/or acquiesced in the effecting of policy, custom or practice among the City's Police Officers of seizing property, such as vehicles, without probable cause to do so, or on claims of probable cause manufactured by the officer and/or failed to adequately train, supervise and/or discipline officers with regard to these matters.

85. Defendant, City of Herrin's policies, customs and/or practices, customs, and/or practices as described above, were not objectively reasonable and deprived James Giesler of his clearly established federal constitutional rights.

## COUNT X
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Fourth Amendment-Malicious Prosecution)
(Against the City of Herrin)

86. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-21 of this Complaint as Paragraph 86 of Count X as if it is fully set forth herein.

87. Defendant, City of Herrin, at all times material, established and/or followed policies, practices and customs that were a direct and proximate cause of James Giesler's physical injury and mental anguish, and that violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 as set forth herein.

88. Defendant City of Herrin intentionally, maliciously, and/or with deliberate and/or reckless indifference and/or callous disregard for Plaintiff's safety and wellbeing, and in a manner that constituted a substantially gross departure from accepted professional judgment, practice and standards effected and/or acquiesced in the effecting of policy, custom or practice among the City's Police Officers of filing Uniform Traffic Citations with the Court and the prosecution without having probable cause for such charges and/or failed to adequately train, supervise and/or

discipline officers with regard to these matters.

WHEREFORE, Plaintiff, JAMES GIESLER, demand judgment and pray for the following relief, jointly and severally, against all Defendants:

    a.    Full and fair compensatory damages in an amount to be determined by a jury:

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Reasonable attorney's fees, interest, and costs of this action; and

    d.    Any such relief as appears just and proper

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,

JAMES GIESLER

By: s/ *William W.P. Atkins*
One of their Attorneys

William W. P. Atkins, Attorney
Johnson, Bunce & Noble, P.C.
Executive Offices - Parkway Plaza
7800 N. Sommer St., Suite 425
Peoria, IL 61615
Phone: (309) 691-9650
Fax: (309) 691-9651
Email: watkins@peorialawyers.com
Secondary Email: service@peorialawyers.com
Firm No. 47