IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES GIESLER,<br><br>           Plaintiff,<br><br>v.<br><br>CITY OF HERRIN, a municipal corporation, OFFICER DYLAN SOLLARS in his individual capacity,<br><br>           Defendant. | Case No. 20-CV-00412-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of Defendant City of Herrin and Dylan Sollars'[1] Motion for Summary Judgment (Doc. 38). Plaintiff James Giesler filed a response to Defendant's motion (Doc. 43). For the reasons set forth below, the Court grants in part and denies in part the motion for summary judgment.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case centers around a late-night car stop following a visit to a bar in Herrin, Illinois. In the Complaint filed pursuant to 42 U.S.C. § 1983, Giesler claims Unlawful Detention against Officer Sollers in Count I; Unlawful Search against Sollers in Count II; Unlawful Arrest against Sollers in Count III; Unlawful Confiscation of Property against Sollers in Count IV; Malicious Prosecution against Sollers in Count V; Unlawful Detention against the City of Herrin in Count VI;

---

[1] In the Complaint, the individual Defendant's last name is spelled "Sollars," however, it appears from his deposition that his name is spelled "Sollers."

Unlawful Search against the City of Herrin in Count VII; Unlawful Arrest against the City of Herrin in Count VIII; Unlawful Confiscation of Property against the City of Herrin in Count IX; and Malicious Prosecution Under against the City of Herrin in Count X. The City of Herrin and Sollers moved for summary judgment (Doc. 38). The parties set forth the following undisputed facts:

On May 5, 2018, Giesler's daughter was at Memorial Hospital of Carbondale for the birth of her child. His daughter was scheduled to undergo surgery in the early morning hours of May 6, 2018. Giesler, who resided in Herrin, Illinois, at the time, was traveling from Carbondale to his home in Herrin and stopped at Time Out Pub in Herrin.

Officer Sollers was on routine patrol in Herrin at the time. During patrol, Sollers observed a truck traveling northbound on North 16th Street. Giesler was driving the vehicle. Giesler turned westbound onto West Monroe Street. Sollers then initiated his emergency lights to initiate a traffic stop of the vehicle and Giesler came to a stop on West Monroe Street near its intersection with North 19th Street.

Sollers observed Giesler's eyes to be bloodshot and watery in appearance. Giesler admitted to consuming alcohol. Sollers requested Giesler's driver's license and valid proof of insurance. Sollers then requested Giesler exit the vehicle. Giesler remained in the vehicle. On the third time Sollers requested Giesler exit the vehicle, Sollers began to reach in the window to open the door and remove Giesler, at which time Giesler indicated he would exit the vehicle. Sollers observed Giesler exit the vehicle and walk to the rear of his vehicle as instructed. Sollers then asked Giesler to perform field sobriety tests, Giesler agreed, and Sollers conducted the tests.

Afterwards, Sollers offered Giesler the option to submit to a breathalyzer test. Giesler agreed. Sollers later placed Giesler under arrest for suspicion of driving under the influence of alcohol. Sollers issued citations for improper lane usage, failure to signal, and driving under the influence. Giesler was later found not guilty of the DUI.

### APPLICABLE LAW AND LEGAL STANDARDS

Summary judgment is the moment in a lawsuit where a party lays its proverbial cards on the table, showing what evidence it possesses to convince a trier of fact to agree with its version of events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)). Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). That "burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere conclusory allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 232-24.

In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 255 (1986); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).

## ANALYSIS

### I. Section 1983 Claims against Officer Sollers Counts I, II, III, IV, and V).

In his Complaint, Giesler brought several § 1983 claims against Sollers in his individual capacity for the search, seizure, and malicious prosecution related to the car stop.

In the Motion, the header of Sollers' argument states that he had probable cause to make the stop. Sollers then confusingly states that he had reasonable suspicion to make the stop. The reasonable suspicion standard is applicable to *Terry* stops, and Sollers never makes clear that this is the standard he is advocating for in his argument. *See Matz v. Klotka,* 769 F.3d 517, 522 (7th Cir. 2014). That said, the existence of probable cause renders traffic stops and resulting warrantless arrests permissible under the Fourth Amendment. *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1114 (7th Cir. 2013). "Probable cause exists when the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense." *U.S. v. Lewis*, 920 F.3d 483, 489 (7th Cir. 2019) (citations omitted).

It is important to reemphasize that all facts are construed in the light most favorable to the nonmoving party. The parties in this case disagree on several fact-based assertions related to the stop and arrest that could very well be case determinative for a jury. These disputes include the time of the stop, whether Giesler

signaled a turn, whether Giesler was driving erratically, Giesler's state during the stop, the context of the field sobriety tests, and, ultimately, whether Sollers had probable cause to arrest Giesler based on observations at the time of the stop. These questions of material fact are the province of the jury, not the undersigned.

The doctrine of qualified immunity is also not applicable. The Court looks at two things to determine whether qualified immunity applies: (1) whether a plaintiff's constitutional rights have been violated; and (2) whether the right at issue was "clearly established" at the time of the alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Hanes v. Zurick*, 578 F.3d 491, 493 (7th Cir. 2009). This case is a poor candidate for summary judgment on qualified immunity grounds because, again, the case depends on the facts, and material facts are very much in dispute.

Therefore, the Motion as it relates to Gieslers' stop, search, arrest, and malicious prosecution claims fails and Counts I, II, III, IV, and V survive summary judgment.

## II. *Monell* Claims against the City of Herrin (Counts VI, VII, VIII, IX, and X).

According to the Complaint, "the City of Herrin has an informal policy and/or custom encouraging its police officers to make as many DUI arrests as they can manage without regard to the existence of probable cause" (Doc. 1, pp. 3-4). Giesler failed to challenge the City of Herrin's argument in its Motion that there is no evidence offered by him that a policy or custom of the City of Herrin was the moving force behind the constitutional violation. "A party seeking to defeat a motion for

summary judgment is required to 'wheel out all its artillery to defeat it'" *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted). "Failure to respond to an argument results in waiver" *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). As a result, the Motion hits its mark on Counts VI, VII, VIII, IX, and X.

CONCLUSION

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** Defendant City of Herrin and Dylan Sollers' Motion for Summary Judgment (Doc. 38). On Counts I, II, III, IV, and V, summary judgment is **DENIED**. On Counts VI, VII, VIII, IX, and X, summary judgment is **GRANTED**. Those counts are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: December 1, 2021

*s/ Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**